### MARTINDALE v. B. F. CUMMINS CO.

(Supreme Court, Appellate Term, First Department. November 13, 1913.)

1. MASTER AND SERVANT (§ 40*)—WRONGFUL DISCHARGE—ACTIONS—ADMISSION OF EVIDENCE.

In an action for wrongful discharge from defendant's employment, defendant in justification offered in evidence letters written by plaintiff to his superior officer, relating to defendant's business, which charged the recipient with repudiating obligations, stating that he made such charge deliberately, and also referred to one of such officer's letters as "glaringly inconsistent" and insolent, and stating that plaintiff was astonished that he should use the threat of the loss of plaintiff's position to enforce compliance with his demands. *Held*, that the evidence was admissible on the question whether plaintiff's discharge was justified.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 47–49; Dec. Dig. § 40.*]

2. MASTER AND SERVANT (§ 43*) — WRONGFUL DISCHARGE — ACTIONS — JURY QUESTION.

In an action for the wrongful discharge of an employé, whether the discharge was justified by plaintiff's conduct toward a superior officer in writing offensive letters, etc., *held* a jury question.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 57, 58; Dec. Dig. § 43.*]

3. MASTER AND SERVANT (§ 40*)—WRONGFUL DISCHARGE—ADMISSION OF EVIDENCE.

In an action for an employé's wrongful discharge, evidence that at the time of his discharge plaintiff had stated to another that he had already secured another position was admissible, as tending to show that plaintiff left defendant's employment, instead of being discharged.

[Ed. Note.—For other cases, see Master and Servant, Cent. Dig. §§ 47–49; Dec. Dig. § 40.*]

---

*For other cases see same topic & § NUMBER in Dec. & 'Am. Digs. 1907 to date, & Rep'r Indexes

Appeal from City Court of New York, Trial Term.

Action by Roy W. Martindale against the B. F. Cummins Company. From a judgment for plaintiff, defendant appeals. Reversed, and new trial granted.

Argued October term, 1913, before SEABURY, GUY, and BIJUR, JJ.

Ingram, Root, Massey, Clark & Lowe, of New York City (Walter D. Clark, of New York City, of counsel), for appellant.

William Wallace Young, of New York City (James A. Hughes, of New York City, of counsel), for respondent.

BIJUR, J. This action was brought for wrongful discharge of an employé.

[1] Among other defenses, defendant claims justification for the discharge, in that plaintiff, during the term of his employment, had written insolent and offensive letters to his immediate superior officer, and that their relations became so strained that plaintiff's usefulness to the defendant ceased. The learned court below excluded the correspondence in which the alleged offensive expressions of the plaintiff had been used. Such exclusion constitutes reversible error. Although the entire correspondence is not produced, enough appears to indicate that the controversy related to the business of the defendant, and that plaintiff charged his immediate superior officer with repudiating obligations, which language, he says, in a subsequent letter, he used deliberately. He speaks of one of this officer's letters as "glaringly inconsistent," writes that part of it is insolent, and says:

"I am astonished that you use the threat of the loss of my position to try to force me to accede to your demands."

[2] This correspondence certainly presented an issue which should have been submitted to the jury.

[3] It should also be noted that the learned court erroneously excluded the testimony of a person to whom it is claimed that plaintiff, at the very time of his discharge, said that he had already secured another position. This testimony was competent, as being that of an admission of the plaintiff against interest, and it was relevant, in that, if established to the extent claimed by the defendant in its answer, it might have shown that the plaintiff left the defendant's employ, rather than that he was discharged.

Judgment reversed, and new trial granted, with costs to appellant to abide the event.

GUY, J., concurs. SEABURY, J., taking no part.